# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION<br><br>    PLAINTIFF<br><br>v.<br><br>MICHAEL S. PENDER<br>KIM E. PENDER<br><br>    DEFENDANT(S) | CIVIL ACTION NO: |

## **COMPLAINT FOR FORECLOSURE**

NOW COMES Plaintiff, JPMorgan Chase Bank, National Association by and through its attorneys, Korde & Associates, P.C., and complains against Defendants pursuant to 14 M.R.S. § 6321 et seq. saying further as follows:

### **JURISDICTION AND VENUE**

1. This Court has diversity jurisdiction pursuant 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to Plaintiff's claims transpired in Maine and the property is located in Maine.

**PARTIES**

3. Plaintiff JPMorgan Chase Bank, National Association is a National Association chartered and organized under the laws of the United States of America with a principal place of business located at 1111 Polaris Parkway, Columbus, OH 43240.

4. Defendant Michael S. Pender is an individual with a last known address of 33 Berwick Road, Sanford, ME 04073.

5. Defendant Kim E. Pender is an individual with a last known address of 12343 Acapulco Avenue, Palm Beach Gardens, FL 33410.

**FACTS**

6. Michael S. Pender is the owner of certain real property located at 33 Berwick Road, Sanford, ME, by virtue of a quitclaim deed from Kim Pender to Michael S. Pender dated June 21, 2013 and recorded in the York County Registry of Deeds on June 27, 2013 in Book 16634, Page 167.

7. On February 2, 2006, Michael S. Pender executed and delivered to Mortgage Research Center, LLC a certain promissory note in the original principal amount of $182,700.00 (the "Note").  A copy of the Note is attached hereto as Exhibit A.

8. Plaintiff is entitled to enforce the Note, as Mortgage Research Center, LLC executed an endorsement to JPMorgan Chase Bank, N.A. appearing on the original Note, which executed an endorsement payable to blank appearing on the original Note, rendering the Note enforceable by the party that is in possession of the original Note.

9. Plaintiff certifies that the owner of the Note is JPMorgan Chase Bank, National Association.

10. To secure the Note, Michael S. Pender and Kim E. Pender granted a mortgage to

Mortgage Research Center, LLC in the amount of $182,700.00 dated February 2, 2006 and recorded on February 8, 2006 in the York County Registry of Deeds in Book 14750, Page 0814 (the "Mortgage").

11. The terms of the Note and Mortgage were modified pursuant to an unrecorded Loan Modification Agreement dated December 1, 2012. A copy of the Mortgage and a copy of the loan modification agreement is attached hereto in Exhibit B.

12. The property secured by the Mortgage is known as 33 Berwick Road, Sanford, ME 04073, and is more particularly described in the Mortgage (the "Premises").

13. The Mortgage was assigned by Assignment from Mortgage Research Center, LLC to JPMorgan Chase Bank, N.A. dated January 31, 2006, and recorded on February 8, 2006, in Book 14750, Page 835. A copy of the Assignment is attached in Exhibit C.

14. The Mortgage was assigned by Corrective Assignment from Mortgage Research Center, LLC to JPMorgan Chase Bank, National Association dated October 16, 2012, and recorded on October 25, 2012, in Book 16445, Page 151. A copy of the Assignment is attached in Exhibit C.

15. Defendants Michael S. Pender and Kim E. Pender are presently in default on the Note and due for the monthly payment due January 1, 2021, and all payments due thereafter, thereby breaching a condition of the Mortgage.

16. By letters dated September 30, 2022, notice was provided that the Note was in default and of the right to cure the default. Copies of the notices are attached hereto as Exhibit D.

17. The notices were given on October 3, 2022 by first class mail, postage prepaid with a United States Postal Service Certificate of Mailing and by certified mail, return receipt requested, and therefore have expired.

18.     The default has not been cured and, in accordance with the Note and Mortgage, the entire principal amount outstanding, accrued interest thereon, and all other sums due under the Note and Mortgage have been declared to be presently due and payable.

19.     As of February 15, 2023, the following amounts are due and payable to the Plaintiff, exclusive of costs of collection, including attorney's fees, under the terms of the Note and the Mortgage:

| | |
|---|---:|
| Principal Balance | $167,108.77 |
| Accrued Interest | 12,896.74 |
| Late Charges | 312.92 |
| Property Inspection Fees | 100.00 |
| Escrow Advance | 11,605.14 |
| Title Costs | 325.00 |
| FC Attorney Fees/Costs | 975.81 |
| Total | $193,324.38 |

Additional interest is accruing on said principal balance from said date at a rate of $16.02 per day.

20.     Plaintiff anticipates that additional disbursements will be made for attorney's fees and other services rendered during the foreclosure and sale.

## COUNT I - FORECLOSURE

21.     Plaintiff repeats and re-alleges paragraphs 1 through 20 as if fully set forth herein.

22.     This is an action for foreclosure and title to real estate located at 33 Berwick Road, Sanford, York County, Maine 04073. See Exhibit B.

23.     Plaintiff is entitled to enforce the Note, as Mortgage Research Center, LLC executed an endorsement to JPMorgan Chase Bank, N.A. appearing on the original Note, which executed an endorsement payable to blank appearing on the original Note, rendering the Note enforceable by the party that is in possession of the original Note.  See Exhibit A.

24.     Plaintiff, directly or through its agent, is in possession of the original Note, Mortgage and any assignments.

25. Plaintiff, JPMorgan Chase Bank, National Association, is the current owner of the Mortgage and Note.

26. Plaintiff is the party entitled to collect the debt evidenced by said Note and is the party entitled to enforce the Mortgage, and has the right to foreclose the Mortgage.

27. Defendants, Michael S. Pender and Kim E. Pender, are presently in default on the Note and due for the monthly payment due January 1, 2021, and all payments due thereafter, thereby breaching a condition of the Mortgage and the Note.

28. The default has not been cured and all sums due under the Note and Mortgage are presently due and payable.

29. The total amount due on the Note and Mortgage as of February 15, 2023 is $193,324.38.

30. Notice was sent in compliance with 14 M.R.S. § 6111 on October 3, 2022, as evidenced by a copy of the notice, proof of certified mail and the certificate of mailing attached hereto as Exhibit D.

31. Plaintiff certifies that all steps mandated by law to provide notice of the default and of the right to cure have been taken and strictly performed.

32. By virtue of a breach of condition of the Note and Mortgage, Plaintiff hereby demands the foreclosure of the Mortgage and the sale of the Premises.

33. Defendants, Michael S. Pender and Kim E. Pender are not in the military as defined under the Servicemembers Civil Relief Act.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Determine that there has been a breach of condition of the Mortgage;

  B. Determine the amount due on the Note and Mortgage, including principal, interest, reasonable attorney's fees, court costs, and other expenses;

  C. Find Michael S. Pender liable for any deficiency balance remaining due to Plaintiff after the sale of the Premises and application of the proceeds of sale;

  D. Issue a Judgment of Foreclosure and Sale in conformity with 14 M.R.S. § 6322;

  E. Order exclusive possession of the Premises to the Plaintiff upon the expiration of the statutory ninety (90) day period of redemption set forth in 14 M.R.S. § 6322, and direct the Clerk to issue a writ of possession at the request of the Plaintiff; and

  F. Grant such other and further relief as the Court may determine proper.

Dated:  2/16/23      By: */s/ Carrie Folsom*
            Carrie Folsom, Esq. #9510
            Attorney for Plaintiff
            KORDE & ASSOCIATES, P.C.
            707 Sable Oaks Dr., Suite 250
            South Portland, ME 04106
            (207) 775-6223 x25032
            CFolsom@kordeassociates.com
            MEFednotices@kordeassociates.com